CASE No. 753.

STATE v. WILDER.

STATE v. JACKSON.

1. The Court of General Sessions has jurisdiction under proceedings by *scire facias* to estreat a recognizance given to secure the appearance before that court of a person charged with crime. Section 443 of the code of procedure relates only to writs of *scire facias* as a civil remedy.
2. Sections 8 and 9 of Chapter CXLII. of the general statutes, are not in conflict with Article IV., Section 1, of the constitution, but only provide a means by which the Court of General Sessions may carry into effect its unquestioned powers.
3. The mode suggested by which alone matters omitted from the brief may be brought to the attention of this court. Facts appearing only in argument of counsel will not be considered.

Before SHAW, J., Richland, April, 1878.

These were rules issued by the state against Charles M. Wilder and Ann E. Jackson, to show cause why a recognizance entered into by them as sureties for the appearance of one Houston at the Court of General Sessions to answer to a bill of indictment, should not be forfeited, Houston having failed to appear. The defendants, for cause, showed that the writ of *scire facias* has been abolished by Section 443 of the code of procedure, and the remedies obtainable under that form must be obtained by civil actions.

The Circuit judge overruled the returns, declared the recognizance forfeited, and ordered execution to issue for the collection of the penalty, if not paid by a day named.

Defendants appealed. In the argument of appellant's counsel in this court, the further ground was taken that the recognizance had not been acknowledged in the presence of either a judge or trial justice, and that there was no certificate from either of such officers of such acknowledgment; and that therefore the recognizance was void under Chapter CXLII., Section 7, of the general statutes.

*Mr. John Bauskett,* for appellants.

*Mr. Solicitor Abney,* contra.

April 16th, 1880.   The opinion of the court was delivered by

McIVER, A. J.   These two cases, involving the same question, were heard and will be considered together.   That question is, whether the Court of General Sessions has jurisdiction to estreat a recognizance given to secure the appearance before said court of a person charged with crime to answer to a bill of indictment to be preferred against him.

The grounds upon which jurisdiction is denied are, that the provisions of Sections 8 and 9 of Chapter CXLII., (*Gen. Stat.* 750,) under which the proceedings in these cases were instituted, are practically identical with the proceeding by writ of *scire facias,* and that writ being abolished by Section 443 of the code of procedure, and the remedies previously obtainable in that form provided for by a civil action, the Court of General Sessions, which, under the constitution, has no civil jurisdiction, could not exercise the jurisdiction claimed for it in these cases.   A sufficient answer to this is that the second part of the code, in which the provision abolishing the writ of *scire facias* is found, relates only to civil actions, and cannot, therefore, be construed so as to apply to criminal action or to any proceedings in the court invested with jurisdiction of such actions.   This provision must, therefore, be construed as applying to that writ only, as it had heretofore been used to obtain or enforce a civil right as contradistinguished from a criminal proceeding.   There is no doubt but that at the time of the adoption of the code the writ of *scire facias* could be used in the Court of Common Pleas as a civil remedy merely, for example, to revive a judgment, and the provision of the code unquestionably abolished it as a remedy in such and the like cases.   But it is equally true that the writ could then be used in the Court of General Sessions, under the provisions of the act of 1787, (5 *Stat.* 13,) as a remedy for the enforcement of the performance of the condition of a recognizance given to secure the attendance before said court of persons charged with crime, or witnesses in such cases; and so the law

·continued to be—unaffected by the provisions of the code above cited—until the adoption of the general statutes, when the act of 1787 was repealed, and the provisions of Sections 8 and 9 of ·Chapter CXLII., of the general statutes were substituted there-for. It is apparent, from a similar course of reasoning, that the provisions of Section 443 of the code of procedure do not apply to the proceedings in these cases.

It is argued, however that the provisions of the general statutes under which the proceedings in these cases were instituted, are unconstitutional, because they purport, in violation of Section 1, Article IV. of the constitution, to confer civil jurisdiction upon, the Court of General Sessions, which, by that section, is invested " with criminal jurisdiction only." Such a construction of that clause of the constitution would so cripple the powers of the Court of General Sessions as greatly to impair, if not absolutely destroy, its usefulness, and it is not, therefore, admissible. The powers conferred by the sections of the general statutes in question, are not given for the purpose of investing the Court of General Sessions with any " civil jurisdiction," but solely for the purpose of enabling it to exercise the powers with which it is unquestionably clothed by the constitution. If the court, which is invested with the power to try and punish offenders against the law, had no means of enforcing the attendance of such persons, and of the witnesses necessary to testify against them, it would indeed be an empty farce to give it the power to try and punish ; and certainly the proceedings prescribed by the sections under ·consideration have no other purpose but to enable the Court of General Sessions to carry into effect the powers with which it is undeniably vested, by securing and enforcing the attendance of parties and witnesses. Such a construction as that contended for would result in the denial to that court of the right to preserve ·order and enforce its mandates by the use of the proceedings in ·case of contempt.

The other ground taken in the argument—that the recogni-zances were not acknowledged in the presence of either a judge or a trial justice—is not properly before us, inasmuch as the·fact upon which it is based, though alleged in the argument of the ·appellant's counsel, nowhere appears in the " case " as submitted,

and we cannot, therefore, consider it.   While this court would be disposed in a criminal case, especially were it one involving human life, to extend every indulgence possible to the appellant, it must be manifest to every one that we have no right to decide a case upon facts which do not appear in the record, and can only be learned from *ex parte* statements of counsel made in the argument.   As well might it be claimed that a jury could base their verdict upon facts, the proofs of which had been inadvertently omitted, and which only appeared from the statements of counsel in argument.   If counsel find, in any case that they have omitted, as any one is liable to do, to insert in the " case " as prepared for this court, facts which are necessary to enable them to raise a question which they deem important, the proper practice is, before the argument has commenced, to obtain the consent of the counsel on the other side to an amendment of the " case " by the insertion of such facts; or, if such consent cannot be obtained, to move the court, upon affidavits submitted, to recommit the record to the Circuit Court for amendment.

The judgment of the Circuit Court is affirmed.

WILLARD, C. J., and McGOWAN, A. J., concurred.